1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ALBERT LACONDEGUY,                        No.  2:13-cv-00357 MCE-EFB

12                  Plaintiff,

13        v.                                    PRETRIAL SCHEDULING ORDER

14   YRC, INC.,

15                  Defendant.

16

17        After reviewing the parties' Joint Status Report, the Court makes the following

18   Pretrial Scheduling Order.

19   I.    SERVICE OF PROCESS

20        All named Defendants have been served and no further service is permitted

21   without leave of court, good cause having been shown.

22   II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

23        No joinder of parties or amendments to pleadings is permitted without leave of

24   court, good cause having been shown.

25   III.  JURISDICTION/VENUE

26        Jurisdiction is predicated upon 28 U.S.C. section 1332.  Jurisdiction and venue

27   are not contested.

28   ///

1   IV.   DISCOVERY

2        All discovery, with the exception of expert discovery, shall be completed by

3   **June 6, 2014.**  In this context, "completed" means that all discovery shall have been

4   conducted so that all depositions have been taken and any disputes relative to discovery

5   shall have been resolved by appropriate order if necessary and, where discovery has

6   been ordered, the order has been obeyed.  All motions to compel discovery must be

7   noticed on the magistrate judge's calendar in accordance with the local rules of this

8   Court.

9   V.   DISCLOSURE OF EXPERT WITNESSES

10       All counsel are to designate in writing, file with the Court, and serve upon all other

11   parties the name, address, and area of expertise of each expert that they propose to

12   tender at trial not later than **August 6, 2014**.[1]  The designation shall be accompanied by

13   a written report prepared and signed by the witness.  The report shall comply with Fed.

14   R. Civ. P. 26(a)(2)(B).

15       Within twenty (20) days after the designation of expert witnesses, any party may

16   designate a supplemental list of expert witnesses who will express an opinion on a

17   subject covered by an expert designated by an adverse party.  The right to designate a

18   supplemental expert for rebuttal purposes only shall apply to a party who has not

19   previously disclosed an expert witness on the date set for expert witness disclosure by

20   this Pretrial Scheduling Order.

21   ///

22   ///

23   ///

24   ///

25   ///

26

27   [1] The discovery of experts will include whether any motions based on Daubert v. Merrell Dow
Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999)

28   are anticipated.

2

1      Failure of a party to comply with the disclosure schedule as set forth above in all

2   likelihood will preclude that party from calling the expert witness at the time of trial.  An

3   expert witness not appearing on the designation will not be permitted to testify unless the

4   party offering the witness demonstrates: (a) that the necessity for the witness could not

5   have been reasonably anticipated at the time the list was proffered; (b) that the Court

6   and opposing counsel were promptly notified upon discovery of the witness; and (c) that

7   the witness was promptly made available for deposition.

8      For purposes of this Pretrial Scheduling Order, an "expert" is any person who may

9   be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules

10  of Evidence, which include both "percipient experts" (persons who, because of their

11  expertise, have rendered expert opinions in the normal course of their work duties or

12  observations pertinent to the issues in the case) and "retained experts" (persons

13  specifically designated by a party to be a testifying expert for the purposes of litigation).

14     Each party shall identify whether a disclosed expert is percipient, retained, or

15  both.  It will be assumed that a party designating a retained expert has acquired the

16  express permission of the witness to be so listed.  Parties designating percipient experts

17  must state in the designation who is responsible for arranging the deposition of such

18  persons.

19     All experts designated are to be fully prepared at the time of designation to render

20  an informed opinion, and give their bases for their opinion, so that they will be able to

21  give full and complete testimony at any deposition taken by the opposing party.  Experts

22  will not be permitted to testify at the trial as to any information gathered or evaluated, or

23  opinion formed, after deposition taken subsequent to designation.

24     Counsel are instructed to complete all discovery of expert witnesses in a timely

25  manner in order to comply with the Court's deadline for filing dispositive motions.

26  ///

27  ///

28  ///

3

VI.    MOTION HEARING SCHEDULE

The last day to hear dispositive motions shall be **December 4, 2014.**  The parties

shall comply with the following filing deadlines:

| | |
|---|---|
| Dispositive motion | filed at least 8 weeks prior to hearing |
| Opposition and any cross-motion | filed at least 5 weeks prior to hearing |
| Reply and opposition to cross-motion | filed at least 3 weeks prior to hearing |
| Reply to cross-motion | filed at least 1 week prior to hearing |

The parties are directed to the Court's website for available hearing dates.

(www.caed.uscourts.gov → choose Judges → choose Judge England → choose

Standard Information)

All purely legal issues are to be resolved by timely pretrial motions.  Failure to

comply with Local Rules 230 and 260, as modified by this Order, may be deemed

consent to the motion and the Court may dispose of the motion summarily.  Further,

failure to timely oppose a summary judgment motion[2] may result in the granting of that

motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine

issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and

other supporting documentation) of twenty (20) pages on all initial moving papers, twenty

(20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit

increases must be made in writing to the Court setting forth any and all reasons for any

increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include

parallel citations to the Supreme Court Reporter.

---

[2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

1    The parties are reminded that a motion in limine is a pretrial procedural device

2  designed to address the admissibility of evidence.  The Court will look with disfavor upon

3  dispositional motions presented at the Final Pretrial Conference or at trial in the guise of

4  motions in limine.

5    The parties are cautioned that failure to raise a dispositive legal issue that could

6  have been tendered to the court by proper pretrial motion prior to the dispositive motion

7  cut-off date may constitute waiver of such issue.

8  VII.    FINAL PRETRIAL CONFERENCE

9    The Final Pretrial Conference is set for **February 5, 2015 at 2:00 p.m.**  At least

10  one of the attorneys who will conduct the trial for each of the parties shall attend the

11  Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a

12  trial attorney is unable to attend, the attorney who attends in place of the trial attorney

13  shall have equal familiarity with the case and equal authorization to make commitments

14  on behalf of the client.

15    Counsel for all parties are to be fully prepared for trial at the time of the Final

16  Pretrial Conference, with no matters remaining to be accomplished except production of

17  witnesses for oral testimony.

18    The parties shall file, not later than **January 15, 2015**, a Joint Final Pretrial

19  Conference Statement.  The provisions of Local Rules 281 shall apply with respect to

20  the matters to be included in the Joint Final Pretrial Conference Statement.  In addition

21  to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a

22  plain, concise statement that identifies every non-discovery motion tendered to the Court

23  and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial

24  Scheduling Order, may be grounds for sanctions.

25    At the time of filing the Joint Final Pretrial Conference Statement, counsel shall

26  also electronically mail to the Court in digital format compatible with Microsoft Word, the

27  Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit

28  lists.  **These documents shall be sent to: mceorders@caed.uscourts.gov.**

1    The parties should identify first the core undisputed facts relevant to all claims.

2  The parties should then, in a concise manner, identify those undisputed core facts that

3  are relevant to each claim.  The disputed facts should be identified in the same manner.

4  Where the parties are unable to agree as to what disputed facts are properly before the

5  Court for trial, they should nevertheless list all disputed facts asserted by each party.

6  Each disputed fact or undisputed fact should be separately numbered or lettered.

7    Each party shall identify and concisely list each disputed evidentiary issue which

8  will be the subject of a motion in limine.

9    Each party shall identify the points of law which concisely describe the legal

10  issues of the trial which will be discussed in the parties' respective trial briefs.  Points of

11  law should reflect issues derived from the core undisputed and disputed facts.  Parties

12  shall not include argument or authorities with any point of law.

13    The parties shall prepare a joint statement of the case in plain concise language

14  which will be read to the jury at the beginning of the trial.  The purpose of the joint

15  statement is to inform the jury what the case is about.

16    The parties are reminded that pursuant to Local Rule 281 they are required to list

17  in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose

18  to offer at trial.  After the name of each witness, each party shall provide a brief

19  statement of the nature of the testimony to be proffered.  The parties may file a joint list

20  or each party may file separate lists.  These list(s) shall not be contained in the body of

21  the Joint Final Pretrial Conference Statement itself, but shall be attached as separate

22  documents to be used as addenda to the Final Pretrial Order.

23    Plaintiff exhibits shall be listed numerically.  Defendant exhibits shall be listed

24  alphabetically.  The parties shall use the standard exhibit stickers provided by the Court

25  Clerk's Office: pink for plaintiff and blue for defendant.  In the event that the alphabet is

26  exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters,

27  note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.

28  ///

1   All multi-page exhibits shall be stapled or otherwise fastened together and each page

2   within the exhibit shall be numbered.  All photographs shall be marked individually.  The

3   list of exhibits shall not include excerpts of depositions, which may be used to impeach

4   witnesses.  In the event that Plaintiff and Defendant offer the same exhibit during trial,

5   that exhibit shall be referred to by the designation the exhibit is first identified.  The Court

6   cautions the parties to pay attention to this detail so that all concerned will not be

7   confused by one exhibit being identified with both a number and a letter.

8          The Final Pretrial Order will contain a stringent standard for the offering at trial of

9   witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned

10  that the standard will be strictly applied.  On the other hand, the listing of exhibits or

11  witnesses that a party does not intend to offer will be viewed as an abuse of the Court's

12  processes.

13         The parties also are reminded that pursuant to Rule 16 of the Federal Rules of

14  Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a)

15  the formulation and simplification of issues and the elimination of frivolous claims or

16  defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance

17  of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the

18  Joint Final Pretrial Conference Statement and participate in good faith at the Final

19  Pretrial Conference with these aims in mind.  A failure to do so may result in the

20  imposition of sanctions which may include monetary sanctions, orders precluding proof,

21  elimination of claims or defenses, or such other sanctions as the Court deems

22  appropriate.

23  VIII.   TRIAL BRIEFS

24         The parties shall file trial briefs not later than **January 22, 2015**.  Counsel are

25  directed to Local Rule 285 regarding the content of trial briefs.

26  ///

27  ///

28  ///

1   IX.    EVIDENTIARY AND/OR PROCEDURAL MOTIONS

2        Any evidentiary or procedural motions are to be filed by **January 15, 2015.**

3   Oppositions must be filed by **January 22, 2015** and any reply must be filed by

4   **January 29, 2015.**  The motions will be heard by the Court at the same time as the Final

5   Pretrial Conference.

6   X.    TRIAL SETTING

7        The trial is set for **April 6, 2015 at 9:00 a.m**.  Trial will be a jury trial. The panel

8   will consist of  eight (8)  jurors.  The parties estimate a trial length of **ten (10) days**.

9   XI.    SETTLEMENT CONFERENCE

10        At the Final Pretrial Conference, the Court may set a settlement conference if the

11   parties so request.  In the event no settlement conference is requested, the parties are

12   free to continue to mediate or attempt to settle the case with the understanding that the

13   trial date is a firm date.

14        In the event a settlement conference is set by the Court, counsel are instructed to

15   have a principal with full settlement authority present at the Settlement Conference or to

16   be fully authorized to settle the matter on any terms.  At least seven (7) calendar days

17   before the settlement conference, counsel for each party shall submit to the chambers of

18   the settlement judge a confidential Settlement Conference Statement.  Such statements

19   are neither to be filed with the Clerk nor served on opposing counsel.  Each party,

20   however, shall serve notice on all other parties that the statement has been submitted.  If

21   the settlement judge is not the trial judge, the Settlement Conference Statement shall not

22   be disclosed to the trial judge.

23        Notwithstanding the foregoing, the parties may request a settlement conference

24   prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of

25   the case. In the event an early settlement conference date is requested, the parties shall

26   file said request jointly, in writing.  The request must state whether the parties waive

27   disqualification, pursuant to Local Rule 270(b), before a settlement judge can be

28   assigned to the case.

1  Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge

2  participate in the settlement conference AND waiver, pursuant to Local Rule 270(b), a

3  settlement judge will be randomly assigned to the case.

4  XII.   VOLUNTARY DISPUTE RESOLUTION PROGRAM

5      Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed

6  order requesting referral to the Voluntary Dispute Resolution Program.

7  XIII.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

8      The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

9  Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court

10  upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone

11  to modify the Pretrial Scheduling Order does not constitute good cause.  Except in

12  extraordinary circumstances, unavailability of witnesses or counsel will not constitute

13  good cause.

14  XIV.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

15      This Pretrial Scheduling Order will become final without further order of the Court

16  unless objections are filed within seven (7) court days of service of this Order.

17      IT IS SO ORDERED.

18  Dated:  August 2, 2013

19

20

21      MORRISON C. ENGLAND, JR., CHIEF JUDGE
        UNITED STATES DISTRICT COURT

22

23

24

25

26

27

28