UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT LACONDEGUY, | No. 2:13-cv-0357-MCE-EFB |
| Plaintiff, | |
| v. | ORDER |
| YRC INC., | |
| Defendant. | |

      On April 2, 2015, the court conducted a hearing on defendant's motion to enforce the parties' settlement and request for entry of judgment. (ECF No. 25.) At that hearing, attorney Victoria Baiza appeared on behalf of plaintiff, and attorney James Conley appeared on behalf of defendant. Plaintiff Albert Lacondeguy also appeared at the hearing, and with the permission of plaintiff's counsel, responded to the court's questions.

      For the reasons stated on the record at the hearing, as well as plaintiff's own admissions during the hearing that the oral settlement put on the record at the July 29, 2014 settlement conference involved a complete resolution of all claims that plaintiff brought, or could have brought, in the case resulting from his employment and the termination of his employment with defendant, IT IS HEREBY ORDERED that:

    1. Defendant's motion to enforce the settlement (ECF No. 25) is GRANTED on the terms outlined in this order.

2. Plaintiff's unilateral, handwritten modifications to page two of the written settlement agreement (which purport to allow plaintiff to pursue a grievance filed on October 6, 2014, concerning vacation and other pay related to his employment with defendant) are STRICKEN as inconsistent with the terms of the settlement agreement put on the record at the July 29, 2014 settlement conference.

3. The terms of settlement put on the record at the July 29, 2014 settlement conference, as memorialized by the written settlement agreement executed by the parties (but without plaintiff's unilateral modifications), shall govern the parties' settlement. As such, plaintiff shall not be permitted to pursue the October 6, 2014 grievance, or any other grievance or claim inconsistent with the parties' settlement.

4. Within 30 days of this order, plaintiff, with the assistance of plaintiff's counsel, shall return to defendant's counsel the uncashed check for $1,749.49 (minus applicable withholding) provided by defendant.

5. Within 30 days of this order, defendant shall fulfill its payment obligations under the parties' settlement agreement.

6. The Clerk of Court is directed to dismiss the action with prejudice in light of the parties' settlement, and close this case.

IT IS SO ORDERED.

Dated: April 3, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE